

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

OCT 14 2021

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION AND STATE OF GEORGIA,<br><br>Plaintiffs,<br><br>v.<br><br>STEVEN D. PEYROUX, INDIVIDUALLY AND AS AN OWNER AND OFFICER OF REGENERATIVE MEDICINE INSTITUTE OF AMERICA, LLC, ALSO D/B/A STEM CELL INSTITUTE OF AMERICA, LLC, PHYSICIANS BUSINESS SOLUTIONS, LLC, AND SUPERIOR HEALTHCARE, LLC,<br><br>BRENT J. DETELICH, INDIVIDUALLY AND AS AN OFFICER OF REGENERATIVE MEDICINE INSTITUTE OF AMERICA, LLC, ALSO D/B/A STEM CELL INSTITUTE OF AMERICA, LLC,<br><br>REGENERATIVE MEDICINE INSTITUTE OF AMERICA, LLC, A LIMITED LIABILITY COMPANY, ALSO D/B/A STEM CELL INSTITUTE OF AMERICA, LLC, PHYSICIANS BUSINESS SOLUTIONS, LLC, A LIMITED LIABILITY COMPANY, AND SUPERIOR HEALTHCARE, LLC, A LIMITED LIABILITY COMPANY,<br><br>Defendants. | Civil Action No. 1:21-cv-03329-AT |

## ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT FOR PERMANENT INJUNCTION, MONETARY RELIEF, CIVIL PENALTIES AND OTHER RELIEF

Defendant, Steven D. Peyroux, appearing *pro se,* hereby answers the Complaint and asserts his Affirmative and other defenses as follows:

1. The averments of Paragraph 1 constitute legal conclusions to which no responsive pleading is required. To the extent a response is required these allegations are denied.

2. The averments of Paragraph 2 constitute legal conclusions to which no responsive pleading is required. To the extent a response is required these allegations are denied.

### JURISDICTION AND VENUE

3. The averments of Paragraph 3 constitute legal conclusions to which no responsive pleading is required. To the extent a response is required these allegations are denied.

4. The averments of Paragraph 4 constitute legal conclusions to which no responsive pleading is required. To the extent a response is required these allegations are denied.

264348962.v1

5. The averments of Paragraph 5 constitute legal conclusions to which no responsive pleading is required. To the extent a response is required these allegations are denied.

## **PLAINTIFF**

6. The averments of Paragraph 6 constitute legal conclusions to which no responsive pleading is required. To the extent a response is required these allegations are denied.

7. The averments of Paragraph 7 constitute legal conclusions to which no responsive pleading is required. To the extent a response is required these allegations are denied.

8. The averments of Paragraph 8 constitute legal conclusions to which no responsive pleading is required. To the extent a response is required these allegations are denied.

## **DEFENDANTS**

9. The averments of Paragraph 9 constitute legal conclusions to which no responsive pleading is required. To the extent a response is required these allegations are denied.

264348962.v1

10. The averments of Paragraph 10 constitute legal conclusions to which no responsive pleading is required. To the extent a response is required these allegations are denied.

11. The averments of Paragraph 11 constitute legal conclusions to which no responsive pleading is required. To the extent a response is required these allegations are denied.

12. The averments of Paragraph 12 constitute legal conclusions to which no responsive pleading is required. To the extent a response is required these allegations are denied.

13. The averments of Paragraph 13 constitute legal conclusions to which no responsive pleading is required. To the extent a response is required these allegations are denied.

14. Admitted.

15. Admitted.

16. The averments of Paragraph 16 constitute legal conclusions to which no responsive pleading is required. To the extent a response is required these allegations are denied.

17. The averments of Paragraph 17 constitute legal conclusions to which no responsive pleading is required. To the extent a response is required these allegations are denied.

18. The averments of Paragraph 18 constitute legal conclusions to which no responsive pleading is required. To the extent a response is required these allegations are denied.

19. The averments of Paragraph 19 constitute legal conclusions to which no responsive pleading is required. To the extent a response is required these allegations are denied.

20. The averments of Paragraph 20 constitute legal conclusions to which no responsive pleading is required. To the extent a response is required these allegations are denied.

21. The averments of Paragraph 21 constitute legal conclusions to which no responsive pleading is required. To the extent a response is required these allegations are denied.

22. The averments of Paragraph 22 constitute legal conclusions to which no responsive pleading is required. To the extent a response is required these allegations are denied.

23. The averments of Paragraph 23 constitute legal conclusions to which no responsive pleading is required. To the extent a response is required these allegations are denied.

24. The averments of Paragraph 24 constitute legal conclusions to which no responsive pleading is required. To the extent a response is required these allegations are denied.

25. The averments of Paragraph 25 constitute legal conclusions to which no responsive pleading is required. To the extent a response is required these allegations are denied.

26. The averments of Paragraph 26 constitute legal conclusions to which no responsive pleading is required. To the extent a response is required these allegations are denied.

27. The averments of Paragraph 27 constitute legal conclusions to which no responsive pleading is required. To the extent a response is required these allegations are denied.

28. The averments of Paragraph 28 constitute legal conclusions to which no responsive pleading is required. To the extent a response is required these allegations are denied.

264348962.v1

29. The averments of Paragraph 29 constitute legal conclusions to which no responsive pleading is required. To the extent a response is required these allegations are denied.

30. The averments of Paragraph 30 constitute legal conclusions to which no responsive pleading is required. To the extent a response is required these allegations are denied.

31. The averments of Paragraph 31 constitute legal conclusions to which no responsive pleading is required. To the extent a response is required these allegations are denied.

32. The averments of Paragraph 32 and all of its subparts constitute legal conclusions to which no responsive pleading is required. To the extent a response is required these allegations are denied.

33. The averments of Paragraph 33 constitute legal conclusions to which no responsive pleading is required. To the extent a response is required these allegations are denied.

34. The averments of Paragraph 34 constitute legal conclusions to which no responsive pleading is required. To the extent a response is required these allegations are denied.

264348962.v1

35. The averments of Paragraph 35 constitute legal conclusions to which no responsive pleading is required. To the extent a response is required these allegations are denied.

36. The averments of Paragraph 36 constitute legal conclusions to which no responsive pleading is required. To the extent a response is required these allegations are denied.

37. The averments of Paragraph 37 constitute legal conclusions to which no responsive pleading is required. To the extent a response is required these allegations are denied.

38. The averments of Paragraph 38, including all subparts, constitute legal conclusions to which no responsive pleading is required. To the extent a response is required these allegations are denied.

39. The averments of Paragraph 39 constitute legal conclusions to which no responsive pleading is required. To the extent a response is required these allegations are denied.

40. The averments of Paragraph 40 constitute legal conclusions to which no responsive pleading is required. To the extent a response is required these allegations are denied.

264348962.v1

41. The averments of Paragraph 41 constitute legal conclusions to which no responsive pleading is required. To the extent a response is required these allegations are denied. The averments of Paragraph 37 constitute legal conclusions to which no responsive pleading is required. To the extent a response is required these allegations are denied.

42. The averments of Paragraph 42 constitute legal conclusions to which no responsive pleading is required. To the extent a response is required these allegations are denied.

43. The averments of Paragraph 43 constitute legal conclusions to which no responsive pleading is required. To the extent a response is required these allegations are denied.

44. The averments of Paragraph 44 constitute legal conclusions to which no responsive pleading is required. To the extent a response is required these allegations are denied.

45. The averments of Paragraph 45 constitute legal conclusions to which no responsive pleading is required. To the extent a response is required these allegations are denied.

264348962.v1

46. The averments of Paragraph 46 constitute legal conclusions to which no responsive pleading is required. To the extent a response is required these allegations are denied.

47. The averments of Paragraph 47 constitute legal conclusions to which no responsive pleading is required. To the extent a response is required these allegations are denied.

48. The averments of Paragraph 48 constitute legal conclusions to which no responsive pleading is required. To the extent a response is required these allegations are denied.

49. The averments of Paragraph 49 constitute legal conclusions to which no responsive pleading is required. To the extent a response is required these allegations are denied.

50. The averments of Paragraph 50 constitute legal conclusions to which no responsive pleading is required. To the extent a response is required these allegations are denied.

51. The averments of Paragraph 51 constitute legal conclusions to which no responsive pleading is required. To the extent a response is required these allegations are denied.

264348962.v1

52. The averments of Paragraph 52 constitute legal conclusions to which no responsive pleading is required. To the extent a response is required these allegations are denied.

53. The averments of Paragraph 53 constitute legal conclusions to which no responsive pleading is required. To the extent a response is required these allegations are denied.

54. The averments of Paragraph 54 constitute legal conclusions to which no responsive pleading is required. To the extent a response is required these allegations are denied.

**JURY TRIAL DEMANDED.**

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative and other defenses to the Complaint.

### FIRST DEFENSE

Defendant is not subject to general or specific jurisdiction in this Court as to the claims brought by Plaintiffs against him.

### SECOND DEFENSE

This Court is not the proper venue as to the claims Plaintiff brings against Defendant because the Court lacks personal jurisdiction over Defendant.

### THIRD DEFENSE

Subject to proof through discovery, Plaintiffs' causes of action are barred, in whole or in part, by the statute of limitations and/or statute of repose.

### FOURTH DEFENSE

Plaintiffs have failed to set forth claims which justify the relief they seek.

### FIFTH DEFENSE

Plaintiffs request relief from the Court to which they are not entitled and which they cannot recover pursuant to applicable law and precedent.

### SIXTH DEFENSE

Plaintiffs have failed to state viable causes of action against this Defendant.

Respectfully submitted this _____ day of _____ 20___.

_____
Steven D. Peyroux, *pro se*

264348962.v1

## CERTIFICATE OF SERVICE

I hereby certify that on this 14 day of October, 2021, I served the ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT FOR PERMANENT INJUNCTION, MONETARY RELIEF, CIVIL PENALTIES AND OTHER RELIEF upon counsel of record via Email and U.S. Mail, postage prepaid, as follows:

Elizabeth K. Nach, Esq.
Amber Lee, Esq.
Federal Trade Commission
600 Pennsylvania Avenue
Washington, D.C. 20580
enach@ftc.gov
alee5@ftc.gov


Jacquelyn L. Kneidel, Esq.
Assistant Attorney General 3
Office of the Attorney General Chris Carr
Georgia Department of Law
2 Martin Luther King, Jr. Drive, SE
Suite 356
Atlanta, GA 30334
jkneidel@law.ga.gov

_____
Steven D. Peyroux, *pro se*

264313941.v1