# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION and STATE OF GEORGIA,<br><br>    Plaintiffs,<br><br>       v.<br><br>STEVEN D. PEYROUX, individually and as an owner and officer of REGENERATIVE MEDICINE INSTITUTE OF AMERICA, LLC, also d/b/a Stem Cell Institute of America, LLC, PHYSICIANS BUSINESS SOLUTIONS, LLC, and SUPERIOR HEALTHCARE, LLC,<br><br>BRENT J. DETELICH, individually and as an officer of REGENERATIVE MEDICINE INSTITUTE OF AMERICA, LLC, also d/b/a Stem Cell Institute of America, LLC,<br><br>REGENERATIVE MEDICINE INSTITUTE OF AMERICA, LLC, a limited liability company, also d/b/a Stem Cell Institute of America, LLC,<br><br>PHYSICIANS BUSINESS SOLUTIONS, LLC, a limited liability company, and<br><br>SUPERIOR HEALTHCARE, LLC, a limited liability company,<br><br>    Defendants. | Case No. 1:21-cv-03329-AT<br><br>**PLAINTIFF STATE OF GEORGIA'S NOTICE OF FILING STATE OF GEORGIA's POSITION ON DEFENDANTS' ABILITY TO PAY AND POST HEARING EVIDENCE OF REFUNDS** |

**STATE OF GEORGIA'S POSITION ON DEFENDANTS' ABILITY TO PAY
AND POST-HEARING EVIDENCE OF REFUNDS**

## I.     DEFENDANTS' INABILITY TO PAY DEFENSE

The Court has already ruled that civil penalties will be assessed against
Defendants.  *SJ Order at 80-81.*  The remaining issue is limited to the size of that
penalty.  The State seeks civil penalties totaling $14,430,000.00 and restitution
totaling $3,350,416.00.  Considering the number of violations and the statutory
penalty per violation, the record not only supports the State's requested monetary
relief but would, in fact, support the imposition of a substantially higher civil
penalty.  Yet, Defendants contend that they do not have the ability to pay the
amount requested.  *See Defendants' Objections to Proposed Order for Monetary
Judgment at 3-4.*  Defendants' argument should be rejected because they failed to
make the required demonstration that they are unable to pay the civil penalty and
restitution amounts.

Georgia's Fair Business Practice Act ("GFBPA"), O.C.G.A. § 10-1-390
through 408, does not require the State to prove that a defendant has the ability to
pay a civil penalty and/or restitution.  *See* O.C.G.A. § 10-1-397.  Further, a
defendant that takes the position that it does not have ability to pay has the burden
to present evidence of their financial condition and inability to pay.  *See People v.*

*First Federal Credit Corp.,* 104 Cal. App. 4th 721, ***10 (2022) (a defendant's

financial inability to pay is a matter for the defendant to raise in mitigation) (Law

Graph p. 5), and *People v. Toomey,* 157 Cal. App. 3d 1, ***46 (1984) (Law Graph

p. 19).[1]

The only record evidence regarding the Defendants' financials are their own

business records, which does not demonstrate their inability to pay.[2]  The State did

not point to this financial information to demonstrate that Defendants have the

ability to pay but rather to show the amount of money the common enterprise

generated and that Peyroux and Detelich benefitted personally. These numbers also

reflect that the revenues exceed the amount of civil penalties and restitution

requested by the State.  The record neither reflects the total compensation that the

Individual Defendants received from the common enterprise, nor their income

from their numerous other business ventures.  The record is likewise silent on the

Individual Defendants' assets.  The Defendants' ability to pay civil penalties and

---

[1] There are no similar rulings in Georgia involving remedies under the GFBPA, but in the context of criminal contempt for violation of an order requiring payment of funds, the contemnor has the burden to prove the inability to pay defense.  *Affatato v. Considine,* 305 Ga. App. 755 (2010).

[2] As noted by the Court, these business records show that the common enterprise yielded a combined $18,403,116.14 in gross income from 2015 to 2022, and that Peyroux and Detelich jointly received profit distributions of at least $2,796,861.10 during the same time period.  *SJ Order at 67, fn 29.*  The records produced by the Defendants are a limited snapshot of the distributions to Peryoux and Detelich.

restitution should be based on all of their income and assets, not just revenues generated from their unlawful conduct.

Prior to the June 17th remedies hearing, the only other information the State had about the Defendants' financial condition consisted of financial disclosures and other documents that Defendants provided to the Federal Trade Commission ("FTC") and the State in December, 2020, and January, 2021. *See Kneidel Decl. ¶6*, attached hereto. The FTC and the State determined that the disclosures were incomplete and needed more explanation and documentation.[3] The FTC and the State sent a letter to Defendants on February 26, 2021 containing thirty-six requests for additional disclosure and information. *Kneidel Decl. ¶6.* Defendants never responded. *Kneidel Decl. ¶6.* At the time of that letter, Defendants' actual financial condition was unclear and/or unknown. Three years later, their financial condition remains unclear and/or unknown.

As directed by the Court at the relief hearing, Peyroux and the State exchanged information and conferred. *Kneidel Decl. ¶8.* Yet Peyroux's financial condition remains unclear because the financial disclosures he provided are incomplete, unreliable, and create more questions than answers. *Kneidel Decl. ¶¶8-11.* The State would need to hire a forensic accountant to make heads or tails of

---

[3] The disclosures and analysis of Defendants' financial condition preceded the decision in AMG Capital Management, LLC v. FTC.

the information that has been provided, along with the information provided in late 2020 and early 2021.  Mr. Peyroux's financial situation from the time the State's investigation began in 2019 through today is necessarily informed by what has transpired over the last five years.  Peyroux has had years to spread around his wealth and has likely done so.

As for Detelich, he has refused the State's request that he provide disclosures.  *Kneidel Decl. ¶12.*  Consequently, the only information the State has about Detelich's financial condition is his 2021 financial disclosures that were incomplete.  His financial circumstances were unclear then and unknown now. Since the June 17th relief hearing, the State located a video in which Detelich claims to be the Director of Processing at the Church of Scientology in Austin, TX. Detelich also states in the video that over the last twenty years has built fifteen companies worth multi-millions of dollars.  See *Bae Decl.¶¶6-8,* attached hereto. Clearly Mr. Detelich was in a position to describe his employment at the remedies hearing in response to the Court's inquiry but chose not to.

One would think that after arguing inability to pay in a pleading filed April 22, 2024, that Defendants would already have prepared a comprehensive, complete, and accurate financial statement to evidence and support the defense at that time.  But they did not.  Despite having another opportunity to demonstrate their inability to pay, Defendants resist the Court's attempt to flesh out this issue.

Peyroux has made a nominal effort to comply with the Court's directions by providing information of his own choosing with no explanation as to what the information shows about his inability to pay, while Detelich has made no effort at all.  Defendants continue to raise unfounded claims without evidence to support their positions and have only delayed the Court's decision on remedies.  Under these circumstances, the State respectfully requests that the Court affords very little weight to the Defendants' claims that they are unable to pay the penalty and restitution the State has requested.

## II.    DEFENDANTS' EVIDENCE OF REFUNDS

Defendants objected to the State's proposed order awarding restitution solely on the grounds that the State failed to demonstrate that the 485 consumers identified as having made a purchase were adversely affected.  *Defendants' Objections to Order for Monetary Judgment at 4.*  Prior to the June 17th hearing, Defendants never raised an issue as to whether the amount of restitution was at issue.  The Court nevertheless directed the Defendants to point to the Court to any record evidence regarding refunds or partial refunds paid to consumers.

Defendants have not made any post hearing filings pointing to record evidence of refunds.  Instead, Peyroux filed a Notice of Filing Refund Evidence Referenced During Relief Hearing that includes the declaration of Melinda

Peyroux, SHC's former bookkeeper, who stated that she performed the research of SHC's financial and business records to provide the information attached to her declaration. The refund summary attached to her declaration, Exhibit A(1), provides a conclusory statement about refunds made to twenty consumers. Exhibit A(2) attached to Melinda Peryoux's declaration includes purported evidence of refunds made to seven of the consumers listed on the summary of refunds. First, the summary is suspect in light of SHC's response to the State's discovery requests for consumer purchase information that SHC had no way of identifying each consumer who made a purchase because it is no longer an operational company (SHC Resp. to State ROG #3) Ex. 169, and that locating detailed records is challenging. (SHC Resp. to State RFP #2) Ex. 171.[4] Second, the documents attached to Melinda Peyroux's declaration as Exhibit A(2) may evidence refunds made to seven consumers listed on the summary but the State is not in a position to stipulate to the evidence because this is the first time this evidence has been disclosed. The State requests that the Court disregard the information in the filing to the extent it is not adequately documented and/or not properly authenticated.

---

[4] See also Peyroux's objections to proposed order for injunctive relief p. 11-12, arguing the impracticality of sending notice to consumers because SHC no longer operates as a business. Docket 142-1.

Dated:  July 16, 2024            Respectfully submitted,


                                 /s/ Jacquelyn L. Kneidel

                                 JACQUELYN L. KNEIDEL
                                 Ga. Bar No. 644727
                                 Office of the Attorney General Chris Carr
                                 Georgia Department of Law
                                 2 Martin Luther King, Jr. Drive, SE, Suite 356
                                 Atlanta, GA 30334
                                 Tel:   (404) 458-3871
                                 Email: jkneidel@law.ga.gov

                                 *Attorney for Plaintiff State of Georgia*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 16, 2024, I caused service of this *State of Georgia's Position on Defendants' Ability to Pay and Post-Hearing Evidence of Refunds* to be made by electronic filing with the Clerk of the Court using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.


Date: July 16, 2024                          /s/ Jacquelyn L. Kneidel
                                                           Jacquelyn L. Kneidel

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify, pursuant to Local Rule 7.1(D), that this document complies with

Local Rule 5.1(C), as it was prepared using a 14-point Times New Roman font.


Date: July 16, 2024                     /s/ Jacquelyn L. Kneidel
                                               Jacquelyn L. Kneidel