# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION and STATE OF GEORGIA,<br><br>    Plaintiffs,<br><br>      v.<br><br>STEVEN D. PEYROUX, individually and as an owner and officer of REGENERATIVE MEDICINE INSTITUTE OF AMERICA, LLC, also d/b/a Stem Cell Institute of America, LLC, PHYSICIANS BUSINESS SOLUTIONS, LLC, and SUPERIOR HEALTHCARE, LLC,<br><br>BRENT J. DETELICH, individually and as an officer of REGENERATIVE MEDICINE INSTITUTE OF AMERICA, LLC, also d/b/a Stem Cell Institute of America, LLC,<br><br>REGENERATIVE MEDICINE INSTITUTE OF AMERICA, LLC, a limited liability company, also d/b/a Stem Cell Institute of America, LLC,<br><br>PHYSICIANS BUSINESS SOLUTIONS, LLC, a limited liability company, and<br><br>SUPERIOR HEALTHCARE, LLC, a limited liability company,<br><br>    Defendants. | Case No. 1:21-cv-03329-AT<br><br>**PLAINTIFF STATE OF GEORGIA'S MOTION TO ENFORCE JUDGMENT** |

## PLAINTIFF STATE OF GEORGIA'S MOTION TO ENFORCE JUDGMENT

Comes now, PLAINTIFF STATE OF GEORGIA ("State"), and hereby files this Motion to Enforce Judgment and shows this Court as follow:

1.

This Court entered an Order Granting Monetary Relief in favor of the State on December 26, 2024 ("Judgment") (Doc. 177), after conducting a hearing on equitable remedies following a finding of liability as to Defendants Steven D. Peyroux, Brent J. Detelich ("Individual Defendants"), and Physician's Business Solutions ("PBS").

2.

The Judgment requires the Individual Defendants, jointly and severally, to pay the State the sum of $3,310,146 as restitution that is to be distributed by the State to 479 consumers who purchased stem cell injections from Defendant Superior Healthcare.  (Doc. 177, pp. 12, 25).  The Individual Defendants were ordered to pay this sum to the State within 45 days of the entry of the Judgment. (Doc. 177, p. 26).

3.

The purpose of restitution in this case is to require the Individual Defendants to disgorge monies received after deceiving consumers and to make those consumers whole.

4.

The Judgment further requires the Individual Defendants and PBS, jointly and severally, to pay the State the sum of $1,845,000 in civil penalties. (Doc. 177, p. 25-26). The Individual Defendants and PBS were ordered to pay this sum to the State within 45 days of the entry of the Judgment. (Doc. 177, p. 27).

5.

The purpose of civil penalties is to deter future unlawful conduct, among other purposes.[1]

6.

Payment for restitution and civil penalties was due on or before February 9, 2025. To date, the Individuals have paid the State the total sum of $1,400. Copies of the payments are attached hereto as Exhibits "A" and "B".

_____

[1]Defendant Steven D. Peyroux also violated the FBPA in 2002 and entered into an Assurance of Voluntary Compliance in 2003 agreeing to cease the alleged unlawful conduct and to pay $5,000 in civil penalties. (Doc. 149-1). A mere slap on the hand that clearly was not effective to deter future unlawful conduct.

7.

The State sent notice via email to the Individual Defendants and PBS and their counsel on February 13, 2025, advising them that they failed to comply with the Judgment. A copy of the notice is attached hereto as Exhibit "C". To date, the Individual Defendants and PBS remain defiant and have not made any effort to respond to the notice or to otherwise comply with the Judgment. Counsel for these parties advised that they no longer represent the Individual Defendants or PBS.

8.

This Court expressly retained jurisdiction of this matter for purposes of construction, modification, and enforcement of the Judgment. (Doc. 177, p. 27).

9.

Additionally, Federal Rule of Civil Procedure 70(a) provides that if a judgment requires a party to perform a specific act and that party fails to comply within the time specified, the court may order the act to be done–at the disobedient party's expense–by another person appointed by the court.

10.

Federal Rule of Civil Procedure 70(c) and (e) further authorize the court to issue a writ of attachment or sequestration against the disobedient party's property to compel compliance and/or hold the disobedient party in contempt.

11.

Here, the Court ordered the Individual Defendants and PBS to perform specific acts, to pay funds to the State within 45 days of the entry of the Order.

12.

The State is unable to disburse payments to consumers unless or until the Individual Defendants comply with the Order.

13.

In opposition to the State's request for equitable remedies, including monetary relief, the Individual Defendants and PBS pled poverty and asserted that they did not have the financial resources to pay a monetary award.

14.

After the hearing on equitable remedies and at the direction of the Court (Doc. 156, minute entry), Defendants Steven D. Peyroux and PBS provided the State with information about their financial circumstances.  However, the

information was unreliable and incomplete.  Defendant Brent J. Detelich

completely ignored the Court's directions and did not provide the State with any

information about his financial circumstances.  The State was ultimately not able to

make heads or tails of the information and reported such to the Court.  (Doc. 168).

None of these defendants introduced any record evidence of their inability to pay.

Ultimately, the Court decided that these Defendants' ability to pay would not be

considered as a factor in awarding monetary relief.  (Doc. 177, p. 24).

15.

Defendants' lack of transparency about their financial circumstances and the

opportunity to shield their assets over a period of no less than six years makes it

very difficult, if not impossible, to collect the Judgment through a writ of execution

and other traditional means of collection.  As a result, consumers may never

receive the relief to which they are entitled.

16.

The Individual Defendants and PBS continue to thwart the State's efforts to

fully enforce the FBPA, after a finding of liability, and thumb their noses at the

Court.  If the Judgment is not enforced, the Individual Defendants and PBS will

walk away unscathed.  Consumers will not receive restitution, and the defendants

will never be fully deterred from violating the FBPA in the future.

WHEREFORE, the State requests that the Court exercise jurisdiction for the purpose of enforcing the Judgment.  The State further requests that the Court enter an appropriate order that will compel compliance, including but not limited to holding the Individual Defendants and PBS in contempt.

Dated: June 11, 2025

Respectfully submitted,

/s/ Jacquelyn L. Kneidel-Lawson

JACQUELYN L. KNEIDEL-LAWSON
Assistant Attorney General
Ga. Bar No. 644727
Adam D'Anella
Assistant Attorney General
Ga. Bar No. 153016
Office of the Attorney General Chris Carr
Georgia Department of Law
Commercial Litigation & Transactions Division
40 Capital Square SW
Atlanta, GA 30334
Tel:   (404) 458-3871
Email: jkneidel@law.ga.gov
Email: adanella@law.ga.gov

*Attorneys for Plaintiff State of Georgia*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 11, 2025, I caused service of this *Plaintiff State of Georgia's Motion to Enforce Judgment* to be made via regular U.S. Mail and email to the following pro se parties, addressed as follows:

Steven D. Peyroux
521 River Estates Pkwy
Canton, GA 30115
steve.peyroux@yahoo.com

Brent J. Detelich
8810 Mountain Path Cir.
Austin, TX 78759
drbrentjd@gmail.com

Physicians Business Solutions, LLC
P. O. Box 5405
Canton, GA 30144

Physicians Business Solutions, LLC
c/o Steven Peyroux, Registered Agent
151 W. Main St., Suite 204
Canton, GA 30144
steve.peyroux@yahoo.com

Date: June 11, 2025

/s/ Jacquelyn L. Kneidel-Lawson
Jacquelyn L. Kneidel-Lawson

## **CERTIFICATE OF COMPLIANCE**

I hereby certify, pursuant to Local Rule 7.1(D), that this document complies with

Local Rule 5.1(C), as it was prepared using a 14-point Times New Roman font.


Date: June 11, 2025                          /s/ Jacquelyn L. Kneidel-Lawson
                                             Jacquelyn L. Kneidel-Lawson